Good morning. Our first case is William Jones v. Unknown DOC Bus Driver, et al. Mr. Ali. May it please the Court, I'm Amir Ali for a colleague, William Jones. Your Honors, if I could, I would like to request five minutes for rebuttal. Granted. In Pearson, this Court recognized that the statute of limitations is told while a prisoner pursues mandatory exhaustion. That duration is therefore excluded in calculating timeliness. In this case, as other attorney generals in this circuit have done, defendants argued that their own failure to resolve Mr. Jones' grievance while he was still in prison and before they released him somehow deprived him of that tolling. That position has allowed Departments of Corrections to unilaterally suppress allegations of civil rights abuses and it is legally indefensible. It violates federal civil rights policy, which includes equitable tolling, and it violates the plain text of Pennsylvania's tolling statute. Counsel, we can ask your opponents, but I believe they're not contesting the tolling issue here. At least insofar as it's law in the case. And your brief sort of pushes back on that and says, well, it may be law in the case, but we'd like a ruling on it, you'd like an opinion on it, because there's no law on it at this point from our court. So I think that's all correct, but let me just qualify a little bit to make sure our position's clear on this. I actually do agree with Judge Bevis here. I think that they've effectively conceded both the tolling issue and law of the case. They're certainly more express about the concession on law of the case, but their failure to even address even a single word on the tolling issue, I think, amounts to a concession before this court. Judge Hardiman, let me just address the law of the case concession here, because it's more than just our desire for some ruling on tolling, although I think that's really important. I hope to get to address why I think it's particularly important in this sort of case to provide the clarity on the tolling issue. But although the first decision in this case, which would serve as law of the case, occurred at the screening stage before these defendants were even in the case. Now, these defendants have stipulated to being bound by a decision that was made before they appeared in the case. It's not clear that the other defendants here would even do that. So this unknown bus driver exists. Defendants have never said he doesn't exist. That's a useful clarification, I think. But let's talk about unknown bus driver, because I think perhaps we could narrow this case. I mean, it just doesn't seem that Kaposa and Mooring could be in the case, but clearly you haven't had a chance to even try to find your unknown bus driver, and you need to find him, right? That's correct. I mean, I don't want to fight that. I think that's correct. But I just want to say there's been plenty of chance to find him. I mean, the whole point of the grievance process here, right, is to investigate the claims. And Mr. Jones, in his initial grievance, asked for the identity of the bus driver. It was these defendants who said they didn't say he didn't exist. They didn't say this never happened. They refused to provide him even the name of the bus driver for 10 months. In fact, more than that. Right, but when I say you haven't had a chance to find an unknown bus driver, I'm saying through the litigation process, through the adversarial process. That's exactly right. Because if you had gotten the unknown bus driver's identity through the grievance process, maybe we wouldn't be here. Or the case would look different, anyway. Yeah, I think that's exactly right. But why are Mooring, I mean, Mooring and Kopoza, there are no averments. I mean, they've got 11th Amendment immunity in their official capacity. You can't get equity against them because your client's been, he's no longer incarcerated. Kopoza and Mooring are out of the case, right? Why don't we just send this back so you can proceed against unknown bus drivers? So I think that is what defendants are asking this court to do after having succeeded on their indefensible argument. They're asking this court to go ahead and effectively pretermit the ordinary process that a litigant would get, which is consideration by the district court. Let me try to explain why the court shouldn't do that. These defendants are very much integrally related to Mr. Jones's claims. As I mentioned, we have five different claims in this complaint, including one for retaliation, including one for due process. And these are the defendants who are refusing to provide any information, the name of the bus driver, the name of the crew. Remember, this is a claim about intentional concealment of identities. Part of the allegation here is... So what relief would the district court have any power to order against them as litigants, as opposed to, in the course of discovery, keeping the bus driver and transportation crew as defendants? What's gained by not just affirming... I mean, because it doesn't sound like you can articulate a reason why they could ultimately be held liable, given the immunities in play here. You just want discovery, correct? Well, actually, I think that they're potentially sufficiently connected to the case to be... I guess I'd put it this way. Could they be liable on remand? In what theory would they have any kind of liability on remand? Well, look, if they were... If Mr. Jones were to amend his complaint and make it more clear, if that's what this court would want, that their complicity by... He had to do that. He already amended. Where are the... There's a more fundamental problem, at least in my view. Where are the allegations in the amended complaint of personal activities by Kaposa and Mooring that are actionable? So... Cite them. Tell us the paragraph numbers and the averments. Or you could say, there aren't any, and we'd like an opportunity to replead to put them in there, and then we have to decide whether you've got a procedural bar from doing it. Sure. So three responses, and I promise I'll... You ask a specific question, and I'll get to it. The first is, certainly, he would... Mr. Jones, in any case, would still be entitled to remand against the unknown defendants here. I know that doesn't directly answer your question. I just want to make that clear. The second piece is that I think that alone shows that this court would simply be unnecessarily deciding a question because there's no need to go on to which defendants to include. Okay. We understand that we don't need to do this, but why shouldn't we do this? And the next point is that Mr. Jones's complaint also attached all of the grievance history here, which is what I was referring to before, which shows that defendants Capoza and defendants Mooring were the ones refusing to even provide the name of the bus driver. And so insofar as there's a retaliation claim here, for instance, he was telling the bus driver, you are doing something unlawful to me. I'm planning to file suit. I have a First Amendment right to access to courts. Insofar as the defendants before the court, the named defendants before the court,  David, again, paragraph numbers, averments. You're making really strong articulate arguments, but I'm hearing arguments of counsel, not averments in a pleading. So please, if you can, cite for us some paragraph numbers and some averments that subject Capoza and Mooring to personal liability. Sure. All I will offer is this. I think it's all that's in there, to be clear, is volume two of our appendix at page 46, and volume two of our appendix at page 49, and the history that surrounds it. And what I've cited you, just to be very clear, is not paragraphs, but it is the grievances that were attached to the complaint. Okay. So your answer to my question is there are no averments. There are documents appended to the complaint that support the theory that you're arguing. I think that's right. And then this court, of course, if it decides to go and ask that question, which we don't believe is presented in kind of a prudential sense, not a jurisdictional sense, then it would, of course, also have to go on to decide whether he's entitled to amendment. Again, sorts of questions that district courts answer, typically not this court, when it's not something that was decided by the court below. That's the kind of complete answer I could give you on this. Let me change the topic a little bit and talk about tolling. So what's the articulation of the relief you're asking for? Specifically, what's the rule that you're looking for us to adopt? So let's just play with the dates that we have here a little bit. So the first incident is Halloween of 13, right? So if there were no PLRA to deal with, the statute of limitations would run out presumably Halloween of 15, right? So we now have a second incident. The grievance process is going through. He's released in September of 14. You're correct. Released in September of 14. The complaint is filed July of 16. The grievance procedure or process is over in 17. Okay. So tell me what rule is it that you're hoping for us to adopt in thinking about tolling? Yeah. So the rule that we would adopt, and I think the rule is the same whether you apply equitable tolling or whether you apply the Pennsylvania statute, is found, I think the clearest articulation is in the text of the statute, if I could just read it to you, where the commencement of a civil action is subject to a statutory prohibition. And there's no contest here that there's a statutory prohibition, which is the requirement to exhaust. Here's the text. That duration, quote, is not part of the time within which the action or proceeding must be commenced. So duration of the statutory prohibition, exhaustion was from the period of the event. He was required to exhaust and could not file from the period of the event through either getting a final answer from the prison process, which he attempted very hard to do in this case, or until he was released and therefore no longer subject to the prohibition. Very clear rule for prospective litigants, both plaintiffs and defendants. And that's what we asked this court to provide clarity for. Okay, so the statute of limitations, according to what you just read, would run out at two different times depending on what your stop date is. The release, it would run out September 5th of 16. If it's when the grievance was resolved, it would run out November of 19. Well, so in this case, the question is when the statutory prohibition no longer applies. In this case, the statutory prohibition no longer applied once he was released, so it would run from release. In other cases where, you know, you're diligently pursuing a remedy, you'd have to wait until the final answer comes. So here you'd say it should be September of 16. We would say it'd be September of 16 in this case, and he filed before September of 16. And if I could just clarify one factual point here, it's not important in this particular case because either way it's timely, but there actually is a question as to whether the clock would have begun on the return ride home or in the initial deprivation of property because in his allegations he indicates that he didn't discover that this was intentional, which is a key part of the claim here, until his ride home when the bus driver had threatened the same to other riders. It doesn't end up being relevant on the fact tier because either way he's timely, but I just wanted to clarify that for the court. If there are no further questions. Just one quick follow-up. At page 13 of the Commonwealth's brief, it says the amended complaint mentions Kapoza in mooring only in the case caption. Is that accurate? Aside from the documents attached to the complaint, that's correct, Your Honor. And actually one other thing worth clarifying is just that as Judge Greenway just referred to, the final answer to the grievance insofar as there was one happened after this litigation was filed, and I think it was in fact after this court's prior ruling, and that actually may also be relevant. It obviously only could be referred to kind of in conjunction with the amended complaint. This is volume two of the appendix 107, and that's actually where the prison, the secretary of corrections says, we've actually done no investigation here and will not do any investigation. And the reason, again, this was sent to Defendant Kapoza, one of the named defendants here, and he didn't think any investigation was necessary. So, again, it's another document in the record indicating that, in fact, there is complicity in the named defendant. Thank you, Mr. Ali. We'll hear you on rebuttal. We'll hear from Mr. Kowalczyk. Good morning, Your Honor. I'm Anthony Kowalczyk from the Office of Attorney General here on behalf of appellees Mark Kapoza and Gregory Mooring. I do want to make clear for the record, I do believe it already is clear, that I am here on behalf of those named appellees only and not on behalf of any unnamed, unserved parties. Under a 1999 Supreme Court decision called Murphy Brothers, an unserved party is under no obligation, even a named party who's never served is under no obligation to engage in litigation, is under no obligation to respond in any way to a complaint. And in this case, we don't even have names. The other parties aren't even named. The other thing I want... You're talking about the bus driver. Correct, yeah. I'm not here on his behalf. When you say parties, who would it be besides the bus driver? There's a reference to a crew member, okay? And it's not clear whether he's even alleging that the crew members did anything, but the caption refers to Mr. Kapoza, Mr. Mooring, the unknown bus driver, and crew members. But every single allegation is directed against the bus driver. Okay, all right. Well, let's just assume for a minute that we accept your argument that because there are no averments in the complaint against Kapoza and Mooring that they're out of the case. Isn't it clear that we need to write an opinion clearing up this tolling issue? And isn't it sort of obvious that prisoners who are, for lack of a better phrase, caught up in a delayed grievance process entitled to tolling? And the example I would give you is let's assume it's a two-year statute of limitations. Let's assume someone's incarcerated for a year and 364 days. If there's no tolling, you would have to argue that the person has one day to file a complaint upon release from the prison, and that would seem to be patently absurd, correct? Yeah. Your Honor, I think if you're going to clarify the law, okay, we don't take a position as to whether you should reach the tolling issue. Our purpose for essentially not contesting their law, the case argument, is not to prevent the court from exercising the power to say what the law is, as Chief Justice Marshall said. The only word of caution I would make, if you're going to address tolling in a situation where it isn't absolutely necessary to reach the question, you might run into some pitfalls. Just one month ago, in Shifflett v. Korsniak, this court held that when a prison doesn't respond to a grievance in a timely manner, as governed by the prison's own regulations, that the administrative remedies become unavailable for purposes of the PLRA under the Supreme Court's Ross v. Blake decision in 2016. So our position would be in that situation that the statute of limitations would run immediately because there would be no statutory charge. Because the person doesn't have to exhaust. They have a right to go to court right away, but that's not our case. That's not the case here. Okay, so let's stick with the facts of this case. Isn't it sort of a clear opportunity for us to say, under Pennsylvania law, people who are situated like Mr. Jones are entitled to tolling? The issue's before you, okay, because the law of the case doctrine does not limit judicial power. Okay, we acknowledge that. We're not claiming that. So you're agreeing with me then? Yeah, yeah. Okay. Now, in this particular case, there was obviously a disagreement between Judge Lenahan and Judge Schwab as to whether Pearson applied. Well, it got complicated by the fact that Judge Schwab apparently didn't know that Mr. Jones had been released from prison. Yeah, but that was disclosed in the initial. But don't you just put that aside? In the opinion, he says he's a prisoner. He's clearly not a prisoner. So the PLRA doesn't apply to him. I'm a little confused by what you've said on tolling. So you concede that if the tolling regime is applied, this is a complaint that was filed in a timely manner. Okay. We're not disputing that. Let me be clear. I know it's a hard word. Okay. But before we can continue, you have to give me just a yes or no, because I know it's hard. Yes. Let me just elaborate very quickly. I would just say that if the. No, no, no, no. We're not going to do this. Okay. Yes or no. It's hard. That this particular complaint under these particular facts based solely on allegations of wrongdoing that occurred on October 31st, 2013, and November 13th, 2013, or November 12th. I'm not going to make concessions based on other allegations. Actually, you're talking about tolling. Okay. Yeah. That's what I'm talking about. We're not saying he wins the case. We're asking if he's in the case. That's all. And the answer is yes. Timeliness, he's in the door. Okay. Okay. Now we can have a conversation. You know, Section 5535B talks about whenever there has been a stay imposed by a court or by statutory prohibition. And, you know, under the reasoning articulated by the United States Supreme Court at Artists v. District of Columbia last year, this court's decision in Pearson and the plain language of that statute, it would appear that it was timely based solely on those injuries. Now, I just heard, you know, appellate's counsel talking about amending the complaint and adding other averments. We're certainly not conceding anything. Okay. But on the timeliness issue, appellate's counsel argues with some force that you've been litigating against tolling all this time with pro se litigants or other cases. Isn't this just the issue we ought to clean up and say, yes, there's tolling, and then the ordinary course is to send it back to the district court? Why should we not follow the ordinary course here? Well, okay. The ordinary course in this case doesn't particularly work very well because we have a situation in which the only named parties in the case aren't even mentioned. Okay. So they can't be held liable under the circumstances. But we have this issue. You have arguments against amendment. He's floated this possibility of amendment. Is there anything that just precludes this being an issue on remand? Anything that makes the remand completely futile? Well, it appears as though under Rule 4M, it's too late for them to effectuate service. I just read this court's Garrett opinion. It was just issued Tuesday. But now you're talking about the bus driver. Yeah, I'm talking about the bus driver. But you don't represent the bus driver. Okay. So decide the bus driver. As to your clients. Yes. Remand, as to my clients, remand is definitely futile because this court has consistently held that an individual sued for denying a grievance can't be held liable for the denial of a grievance. It doesn't make that person liable for the underlying conduct described in the grievance. Your friend here has floated some perhaps creative theories in which this might be evidence of retaliation and wants a chance to amend. We've got a pro se litigant. We tend to cut pro se litigants some slack. Why shouldn't we allow for that possibility here? Why is the possibility of an amendment for retaliation just off the table or completely inconsistent with what we've been given? Because under Ashcroft v. Elkid, the U.S. Supreme Court said that, you know, in order to overcome an individual personal capacity defendant's entitlement to qualified immunity, existing precedent must make the illegality of that conduct beyond debate. And if this court were to somehow recognize some new cause of action based on allegations that the denial of a grievance, it wasn't the suppression, it was simply a denial of a request to identify certain individuals because the underlying grievance did not have merit. If the court were to recognize some new cause of action under Section 1983, under some provision of the Constitution, Mr. Moring and Mr. Capoza would not be on notice by any existing precedent that they could be liable for that. And under the, you know, Anderson versus Creighton standard, it has to be clear on the facts as described in the complaint that the conduct alleged would violate the constitutional rights. So why couldn't they amend to allege something that clearly violated, why is it inconceivable that they could amend to allege such a clear violation? Because there's no precedent on point, at least that I'm aware of, that would establish that those facts would establish a violation of the Constitution. What facts are you talking about? I don't see any facts in the complaint. This is argument of counsel we're talking about, isn't it? It is, but what I heard him describe. So we're going to give somebody right to amend because of arguments of counsel with zero pleaded in a complaint. Is there any authority for that? I've never heard of such a case. I mean, and keep in mind that this this particular case has already been before the court on appeal. That's why we're invoking the law of the case, because this case was up before. And obviously it was implicit in the decision that there were no claims against Capoza and Moring. Well, I don't know about that because, correct me if I'm wrong, but I thought the remand from this court was to give Jones an opportunity to amend. In fact, an amended pleading was filed that did state a claim potentially, but it was a claim against unknown bus driver, not against Capoza and Moring. I don't speak for the bus driver, but I don't think that that states a claim against the bus driver in any event. But leaving that aside, what I heard appellants counsel describe was some sort of new cause of action based on the denial of a grievance, based on the fact that Mr. Capoza and Mr. Moring somehow prevented Mr. Jones from learning the identities of the bus driver and that that would be the basis of an amended complaint. And they would have to show to overcome qualified immunity that those allegations describe conduct that is unconstitutional beyond debate in light of existing precedent. The arguments you're going to make to the district court, that's not the arguments you're going to make now. Well, I think it does go to futility of amendment. Because, I mean, if they if nothing can be amended to something, there's no case imaginable in which remand would ever be futile, because we would be in a situation where, you know, counsel could come in in any case and say, well, if we amend to allege this, then we can get around that and then the cycle would never end. I mean, there can be times when it beyond the statute of limitations where the only possible liable party is died. But we can come up with some scenarios where it's going to be futile. You're right that a lot of times it's going to be hard, but. I mean, especially since qualified immunity is so fact specific. And there has to be a precedent directly on point. And unless they can identify a precedent on point, I don't I think it's clear that remand would be futile because we would raise qualified immunity below, even if the court recognized the new cause of action. All right. I don't know if others want to ask on this futility amendment. But I want to kind of hear about you. You're reaching at some alternative grounds for for affirmant here. I mean, I don't I don't see how there's a standing problem or a law, the case problem here. I'm not sure I understand. I thought your brief adverted to the law of the case. And like a standing is other possible barriers to his prevailing on remand. I don't think a lot of the case argument that I advance is specific to Mr. Caposa and Mr. Moring. He's he's contending that that this court should not reach certain questions in the first instance. OK, I cite your Bolden case in which you say you state that law, the case can apply to issues decided not only expressly, but by by necessary implication. That was based on an original complaint. Now we have an amended complaint. But the original complaint, the amended complaint for purposes of this case and for purposes of this court's jurisdiction, which is limited the claims against two individuals, is identical because the first complaint alleged absolutely nothing about Mr. Caposa and Mr. Moring. And this court looked at it and said it didn't state a claim. OK, now we have for purposes of Mr. Caposa and Mr. Moring, the complaint is identical because it still alleges absolutely nothing. So when you look at it that way, it is clear that that the same thing is before the court again, because the claims against the bus driver aren't before the court. It's not even clear whether there was a final order entered with respect to those claims because Judge Linehan put an objection deadline in there based on the unserved parties. I mean, it clearly appears to read like the order is dismissing only claims against served parties. To get back to Judge Beavis's question, isn't the standing issue really related to perspective relief? Yeah, I understand. And your point is, as I understand it, correct me if I'm wrong, your point is that since he's no longer incarcerated, he doesn't have standing to try to dictate whether this guy ever drives him again, et cetera, assuming the bus driver can be found. Yes. The Supreme Court's consistently held that standing is not dispensed in gross. Angeles versus Lyons, the Supreme Court held that someone who has standing to sue for damages doesn't necessarily have standing to seek perspective relief. This court's Abdul Akbar decision, I believe was 1993, specifically talks about a situation where a former prisoner can't seek perspective relief relating to prison conditions. I mean, Mr. Jones was released on September 5th, 2014. He isn't alleging that he's likely to be incarcerated again, that he's ever going to be incarcerated again. There's no allegation or even a suggestion that he's likely to be on any prison bus again, let alone one driven by this bus driver. So he clearly does not have standing to seek injunctive relief. And of course, that's jurisdictional. Under Article III, we can raise that for the first time on appeal. The court can raise that sua sponte as well. But he's seeking damages, though. He's seeking, I believe it is a half a million dollars worth of damages. And he has standing as an injured party to sue for damages. It doesn't mean he has a claim. But as I've said, the damages were not caused by any of action by Mr. Capoza or Mr. Mooring. And even if the court were to recognize some new rule allowing them to be held liable for not turning over the names of the bus driver and the crew members, that wouldn't make them responsible under Section 1983 for the injuries that were inflicted before on October 31st, 2013 and November 12th, 2013. Because Mr. Capoza and Mr. Mooring's actions came later. And there's no allegation that any damages were incurred later. The damages occurred before. So under Section 1983, there's no way that a subsequent action can cause Mr. Jones to be subjected to a constitutional violation before. So that, I think, also renders remand futile because they would still have to show that to connect the injury to the damages that they would require some showing of causation. So, I mean, I don't I think that even more so than the qualified immunity rule requiring the showing of unconstitutional conduct beyond debate renders remand absolutely futile in this case. There's simply no alternative to other than to affirm. OK. Thank you, Mr. Kowalczyk. We'll hear a rebuttal from Mr. Ali. Thank you, Your Honor. Just a couple points in response. My question, well, I guess the question I would ask is to why this court would go on and parse the complaint in the way that is addressed in defendant's brief and an argument here as to specific forms of relief and which defendants. The question I would ask is why? The sole basis for the district court. There's no parsing required. Parsing suggests that you have to sort through the details. Your client had an opportunity to amend. He alleged nothing against the mooring in Kaposa. Can you can you I've never seen a case where where a litigant, including pro se litigants whose complaints we construe very liberally. I'm unaware of any case where a pro se litigant has alleged not a single averment against a named defendant and had the complaint be submitted for remand or subjected to amendment, particularly after the plaintiff has already had an opportunity to amend. So two quick points. I think the first is I think there's precedent for considering all of the attachments to a particularly a pro se complaint. And I pointed the court without a single paragraph that even says, you know, I direct your attention to my exhibits or I've got some exhibits here that support what I'm saying. Well, I think my second response is more prudential, which is I just think that this court doesn't like to be in the business of doing this sort of thing on appeal when a defendant raises and wins on a statute of limitations argument, inviting parties to come in and start saying, well, but look at this form of the relief and what's happening there. We affirm for any reason supported by the record all the time. Well, but these arguments that we've been making will just be clear. I think that the defendants agree that this is not in any way a basis for affirming that. No, no, no. I'm not talking about bus driver. I'm talking about affirming the judgment of the district court with respect to compose it and and more. But as insofar as you address the claimants, the bus driver, everything that would be set on the tolling issue, everything that would be said as to defendants mooring and composing would be extra. You would have completely resolved both as to the bus driver and did this. But didn't this court already already affirm a decision of the district court saying that the initial complaint was failed to state a claim and that we sent it back because the error of the district court made was the district court didn't give Mr. Jones, particularly as a pro se litigant, an opportunity to amend. Isn't that what we did? That's correct, Your Honor. And I think what the court recognizes that it turns on the futility of amendment. Now, I think the court may disagree. I think this case is about the unilateral suppression of liability for civil rights abuses. Remember the facts here. And my colleague mentioned the crew members saying there's no allegation against them. I don't think so. I don't think that's right. The allegations are you were doing something illegal to me by putting me in this cage, by verbally harassing me, by depriving me of property. But that's that's an allegation against the crew member. But just one moment. That was to the bus driver. And then and then he says, prisoners, could you please take down the names of these people? All crew members take off their badges, files, grievances. Could I please have the names of anyone, anyone on the bus? Because they would verify my claim. These defendants say no, no names, no logs. Not that it didn't happen. None of that. And so I think that's what this case is about. And I think it follows through, frankly, to the concession on law of the case. This is trying to get out of even a day of a day in court via exhaustion and via concessions before this court. And if I could just move to a more important issue, because I'm not sure that I'll persuade you beyond what I've tried to offer on that point, which is the need for clarity to district courts on this issue, because there are some specific salient features of this. Based on the myriad opinions out there, I'm not sure you have a lot of persuading to do on that, but I don't want to speak for my colleagues. I'll be very quick. I promise. I just want to point out that we're talking about the statute of limitations here, where predictability is very important and clarity is very important. And the second piece is just that district courts deal with these cases as a screening stage under the Prison Litigation Reform Act. So they're often doing this without the benefit of counsel or any sometimes even any briefing at all. And so a precedential opinion from this court, even though it might seem like a very narrow extension of this court's current precedential opinions, would be very valuable to make sure this doesn't happen again. Thank you, Mr. Ali. Thank you, Mr. Kowalczyk. Both of you for the very helpful arguments. The court will take the matter under advice.